IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **Juan Gabriel Blanco Lopez and Melqui Ismael Quintanilla, on behalf of themselves and all others similarly situated,**<br><br>c/o Murphy Anderson PLLC<br>1401 K St. NW, Suite 300<br>Washington, DC 20005<br><br>**Plaintiffs,**<br><br>v.<br><br>**WB Waste Solutions, LLC,**<br><br>1701 Olive Street, Capitol Heights, Prince George's County, Maryland,<br><br>**Defendant.** | Civil Action No. _____<br><br>**Class and Collective Action Complaint**<br><br>**Jury Trial Demanded** |

**CLASS AND COLLECTIVE ACTION COMPLAINT
FOR UNPAID WAGES**

1. Plaintiffs Juan Gabriel Blanco Lopez and Melqui Ismael Quintanilla, bring this wage theft action against their current or former employers Defendant WB Waste Solutions LLC ("WB Waste").

2. At all times relevant to this matter, Defendant operated a garbage and recyclables sorting business in Prince George's County, Maryland. It hires employees to work the sorting line on a purported "temporary" basis and treats them as independent contractors, despite the fact that Defendant controls all aspects of the work they do, including but not limited to setting their schedules, assigning their

1

tasks, and requiring them to follow policies established by Defendant. Defendant pays these "temporary" employees a purported "daily rate" far below the applicable minimum wage rate, no matter how many hours worked in a workweek. However, when the employees start work late or leave work early, their "daily rate" is reduced. Defendant treats these "temporary" employees as independent contractors for months, only "promoting" them to regular, purportedly "full-time" employees when it suits Defendant. The job duties of the employees who perform sorting work do not change at all when they are reclassified from "temporary" employees treated as independent contractors to "full-time" employees. Once Defendant classifies the employees as "full-time" employees, Defendant shorts their pay by deducting one hour from every Monday-Friday shift worked, and 30 minutes from every Saturday shift worked, for purported meal breaks that are not *bona fide* meal breaks under Federal and Maryland law.

3.  Federal and Maryland law requires employers to pay employees for all time worked, and to pay minimum wages and overtime to employees, and do not recognize an exception for these "temporary" employees. Defendant intentionally flouted these laws, seeking to maximize profits by erroneously treating employees as independent contractors, and making Plaintiffs work as many hours as possible while shorting them the wages they were legally entitled to receive.

4.  More specifically, Defendant knowingly violated applicable wage and hour laws by (a) not paying minimum wage rates required by federal and Maryland law to "temporary" employees; (b) not paying overtime wages required by Federal and

Maryland law to "temporary" employees; and (c) reducing the wages of "full-time" employees for purported meal breaks that were not taken, thereby not paying them for all time worked and depriving them of overtime pay.

5. Plaintiffs seek to recover unpaid wages and overtime compensation, damages, declaratory and injunctive relief, pre- and post-judgment interest, and attorneys' fees and costs, for themselves, and the similarly-situated employees they seek to represent, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA); Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* (MWHL); and Maryland Wage Payment and Collection Law, *id.* § 3-501 *et seq.* (MWPCL) (collectively, the "Maryland Wage Laws").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331 because this is a civil action arising under the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Plaintiffs' claims arising under Maryland law pursuant to 28 U.S.C § 1367(a) and Article III, Section 2 of the United States Constitution. Plaintiffs' Maryland law claims are so closely related to their claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's wage theft occurred in this District, such that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

8. Plaintiff Juan Gabriel Blanco Lopez, a Maryland resident, was an employee of Defendant who sorted garbage and recyclables ("sorting work") during the time period relevant to this lawsuit. Plaintiff was hired as a purported "temporary" independent contractor on or about July 10, 2022, and treated as an independent contractor until February 12, 2023, when he was classified as a "full-time" employee.

9. Plaintiff Melqui Ismael Quintanilla, a Maryland resident, was an employee of Defendant who performed sorting work during the time period relevant to this lawsuit. Plaintiff was hired as a purported "temporary" independent contractor on or about November 2021 and treated as an independent contractor until approximately February 2022, when he was classified as a "full-time" employee.

10. As required by the FLSA, 29 U.S.C. § 216(b), each Plaintiff has given his written consent to become a party to this action. True and correct copies of Plaintiffs' FLSA consent forms are filed contemporaneously with this Complaint.

11. Plaintiffs and putative plaintiffs are all former or current non-exempt employees of Defendant who performed sorting during the period of three (3) years before the filing of this Complaint.

12. Defendant WB Waste is a Maryland corporation with its principal place of business at 1701 Olive Street, Capitol Heights, MD 20743. At all times relevant to this action, WB Waste has been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA and has been

Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(g), the MWHL, Md. Code, Lab. & Empl., § 3-401(b), and the MWPCL, *id.* at § 3-501(b)).

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Defendant operates a garbage and recyclable sorting business and hired Plaintiffs to perform sorting work.

14. At all times material to this lawsuit, Defendant hired Plaintiffs as "temporary" employees and treated them as independent contractors, despite the fact that Defendant controlled all aspects of the work they performed, including setting schedules, assigning tasks and setting policies that Plaintiffs were required to abide by.

15. At all times material to this lawsuit, Defendant scheduled Plaintiffs to perform the sorting work from at least 5:00 AM to 3:00 PM Monday through Friday, at a flat daily rate of $80 to $95, and 6:00 AM to 12:30 PM on Saturdays at a flat rate of $60.

16. At all times material to this lawsuit, Defendant required "temporary" employees, including Plaintiffs, to perform sorting work beyond their regularly-scheduled hours, with no increase in the daily rate paid to them.

17. At all times material to this lawsuit, Defendant paid "temporary" employees, including Plaintiffs, less than the daily rate for sorting work if they left work early or arrived late.

18. At all times material to this lawsuit, Plaintiffs who performed sorting work were given two 15-minute breaks and one 30-minute per shift from Monday

through Friday, and one 20-minute break per shift on Saturdays, and were not allowed to, and did not take a one-hour meal break during any shift. All workers performing sorting work took breaks at the same time when the sorting lines were stopped for the corresponding break period. Rest periods of short duration, less than 30 minutes, are not *bona fide* meal periods under. 29 C.F.R. § 785.19.

19. At all times material to this lawsuit, Defendant kept Plaintiffs as "temporary" independent contractors for months.

20. At all times material to this lawsuit, Defendant unilaterally "promoted" Plaintiffs Blanco Lopez and Quintanilla and other similarly situated persons from "temporary" to regular, "full-time" employees, promising them sick leave and a week's paid vacation after one year of employment. Their duties and schedules in performing the sorting work did not change from when they were classified as "temporary" independent contractors.

21. At all times material to this lawsuit, Defendant subtracted from the hours it paid to Plaintiffs Blanco Lopez and Quintanilla, and all other employees, who had been promoted to regular, "full-time" employees, one hour for each shift worked from Monday through Friday, and 30 minutes for each shift worked on Saturday, for purported meal breaks, even though Plaintiffs did not receive one-hour *bona fide* meal breaks.

### COUNT I - VIOLATION OF FLSA OVERTIME PROVISIONS
### 29 U.S.C. § 201 *et. seq.*

22. Plaintiffs repeat and reallege the foregoing paragraphs of this Complaint as if fully set forth herein.

23. Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendant who were or are employed to perform sorting work since April 2020 and who were not paid at time and one-half for all hours worked over 40 hours per workweek ("the Plaintiff Class").

24. Under Section 7(a) of the FLSA, 29 U.S.C. § 207(a), Defendant was required to pay the named Plaintiffs and the Plaintiff Class time-and-one-half overtime compensation for their hours worked in excess of 40 per workweek.

25. Defendant had and continues to have a policy against paying "temporary" employees who perform sorting work overtime for such in excess of 40 per workweek and has refused to pay the required wages.

26. Defendant had and continues to have a policy against paying "full-time" employees who perform sorting work for time deducted for purported meal breaks that are not *bona fide* meal breaks when that time causes the "full-time" employees to work hours in excess of 40 per workweek and has refused pay the required wages.

27. Defendant violated, and continues to violate, the requirements of the FLSA, by failing to pay its employees at the rate of time and one-half for all hours worked in excess of 40 in a workweek.

28. The named Plaintiffs and the Plaintiff Class are entitled to be paid at one and one-half their regular rate of pay for those hours worked in excess of 40 hours in a workweek.

29. Defendant's actions were willful as evidenced by its intentional

misclassification of "temporary" employees as independent contractors despite controlling all aspects of their work, and failure to pay the named Plaintiffs and the Plaintiff Class all wages due, including overtime, when Defendant knew, or should have known, that such was due.

30. At all times material hereto, Defendant failed to maintain proper time and payroll records as required by Section 211(c) of the FLSA, prepared false W-2 and 1099 forms and failed to make legally-required payments for Social Security and Medicare on behalf of Plaintiffs and members of the Plaintiff class as mandated by the FLSA.

31. Defendant failed to properly disclose or apprise Plaintiffs and the Plaintiff class of their rights under the FLSA.

32. Due to the intentional, willful and unlawful acts of Defendant, Plaintiffs and all similarly-situated employees are entitled to an additional equal amount as liquidated damages pursuant to Section 216(b) of the FMLA, 29 U.S.C. § 216(b).

33. The named Plaintiffs and all members of the Plaintiff class are entitled to an award of their reasonable attorney's fees and costs under Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

34. The named Plaintiffs and all members of the Plaintiff class are entitled to injunctive relief ordering Defendant to cease its practice of falsifying payroll records and to keep accurate records of employees' working time under Section 211(c) of the FLSA, 29 U.S.C. § 211(c).

## **CLASS ACTION ALLEGATIONS**

35. Plaintiffs bring Counts II and III as a class action under Fed. R. Civ. P. 23 on behalf of themselves and a class of current and former non-exempt employees of Defendant who performed sorting work for Defendant during the period of three (3) years before the filing of the Complaint and the date of final judgment ("the Class Members"). More specifically:

(a) Plaintiffs Blanco Lopez and Quintanilla bring these claims on behalf of themselves and all Class Members who were misclassified as independent contractors and were not paid minimum wages and overtime during the period of three (3) years before the filing of the instant Complaint through the date of judgment, pursuant to MWHL, Md. Code, Lab. & Empl. § 3-427(a) and MWPCL, *id.* § 3-507.2(a); and

(b) Plaintiffs Blanco Lopez and Quintanilla bring these claims on behalf of themselves and all Class Members who were not paid for all hours worked and not paid overtime because Defendant automatically deducted one hour per Monday-Friday shift and 30 minutes per Saturday shift for purported meal breaks that were not taken and/or were not *bona fide* meal breaks during the period of three (3) years before the filing of the instant Complaint through the date of judgment, pursuant to MWHL, Md. Code, Lab. & Empl. § 3-427(a) and MWPCL, *id.* § 3-507.2(a).

36. This action involves substantial questions of fact and/or law common to the claims of each member of the Class, including, but not limited to, whether Defendant maintained practices and policies of misclassifying workers, failing to pay

applicable minimum wages and overtime rates, and failing to pay for all time worked. More specifically Defendant:

(a) selected and hired the Plaintiffs and Class members; controlled their rates and methods of payment; paid their wages; had and exercised the power to discharge them; controlled their conduct by assigning them their schedules, workstations, and tasks; employed them to perform their regular business of sorting garbage and recyclables; and maintained employment records;

(b) willfully and knowingly misclassified Plaintiffs and other employees who performed sorting work as independent contractors in an attempt to avoid paying them minimum wages and overtime, and otherwise applying the protections of the MWHL and MWPCL; and

(c) willfully and knowingly subtracted from the hours it paid to "full-time" employees for purported meal breaks that were not *bona fide* meal breaks.

37. Alternatively, or in addition, questions of law or fact common to the Class Members predominate over any questions affecting only individual employees and a class action is superior to other methods for fairly and efficiently adjudicating the controversy pursuant to Fed. R. Civ. P. 23(b)(3).

38. Plaintiffs allege on information and belief that the Class consists of at least 80 current and former employees of Defendant who performed sorting work and as such, all members cannot practically be joined as named parties herein.

39. Plaintiffs' claims are typical of the claims of the subclasses they seek to represent. Each Plaintiff worked hours for which they were not paid on the same

grounds applicable to all members of the subclasses, and/or were not paid minimum wages and overtime on the same grounds applicable to all members of the subclasses.

40. Plaintiffs' claims are based on the same facts as those of the other members of the proposed Class.

41. Plaintiffs will fairly and adequately protect the interests of the Class.

42. Plaintiffs have no interests that are antagonistic to the interests of the Class as a whole. They are committed to the vigorous prosecution of this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

43. **Rule 23(b)(1)(A).** The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

44. **Rule 23(b)(1)(B).** The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class that would as a practical matter be dispositive of the interest of the other members not parties to the adjudications and/or substantially impair or impede their ability to protect their interests.

45. **Rule 23(b)(2).** Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole.

**COUNT II - VIOLATION OF MWHL OVERTIME PROVISIONS**
**Md. Code, Lab. & Empl., § 3-401 *et seq*.**

46. Plaintiffs repeat and reallege the foregoing paragraphs 1-21 and 35-45 of this Complaint as if fully set forth herein.

47. Plaintiffs bring this claim on behalf of themselves and all similarly-situated employees, including all current and former non-exempt employees of Defendant who performed sorting work in the three (3) years before the filing of this complaint.

48. Under Md. Code, Lab. & Empl., Title 3, Defendant was required to pay the named Plaintiffs and all employees similarly-situated for all time worked at the applicable minimum wage and at time and one-half for hours worked in excess of 40 per workweek.

49. Defendant had and continues to have a policy against paying "temporary" employees who perform sorting work the applicable minimum wage rates and has refused to pay the wages due.

50. Defendant had and continues to have a policy against paying "temporary" employees who perform sorting work for all time worked and at overtime rates for hours worked in excess of 40 per workweek and has refused to pay the wages due and required overtime.

51. Defendant had and continues to have a policy against and a practice of not paying "full-time" employees who perform sorting work for all time worked and at overtime rates for hours worked in excess of 40 per workweek, by automatically deducting time for meal breaks that are not *bona* fide meal breaks and has refused to pay the wages due and required overtime.

52. Defendant's actions violate Md. Code, Lab. & Empl., Title 3.

53. Defendant's actions were willful and not in good faith as evidenced by its intentional misclassification of "temporary" employees as independent contractors despite controlling all aspects of the work they performed and its failure to pay the named Plaintiffs minimum wages and overtime wages when Defendant knew, or should have known, that it was due.

54. At all times material hereto, Defendant failed to maintain proper time and payroll records as mandated by Md. Code, Lab. & Empl., § 3-424.

55. Plaintiffs are entitled to all wages, including overtime wages, owed to them, pursuant to Md. Cod, Lab. & Empl., §§ 3-413, 3-415, and Plaintiffs' reasonable attorneys' fees, costs and expenses, pursuant to *id.*, § 3-427(d).

**COUNT III - VIOLATION OF MWPCL WAGE PAYMENT PROVISIONS**
**Md. Code, Lab. & Empl. § 3-501 *et seq*.**

56. Plaintiffs repeat and reallege the foregoing paragraphs 1-21 and 35-45 of this Complaint as if fully set forth herein.

57. Plaintiffs and the others are employees under the MWPCL and entitled to its protections.

58. At all times relevant, Defendant was or is an employer covered by the MWPCL, employed Plaintiffs and the Class Members, and was required to comply with the MWPCL wage payment provisions.

59. MWPCL § 3-502 requires Defendant to pay Plaintiffs and Class Members the greater of: (1) the wages they were promised, (2) the "prevailing wage

rate" required by state law, or (3) for qualifying hours, the overtime rate required pursuant to state and federal law.

60. Defendants failed to timely pay Plaintiffs and Class Members their required wage rate for all hours they worked, in violation of the MWPCL §§ 3-502. and 3-507.1(a).

61. Defendant violated the MWPCL repeatedly, willfully, intentionally, and in bad faith.

62. Under MWPCL §§ 3-502, 3-507.1(a), and 3-507.1(b), Defendants are liable to Plaintiffs and Class Members for three times their unpaid wages, interest, attorneys' fees, costs, and any other relief this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

1. Certify this matter as a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) for the appropriate counts;

2. Certify this matter as a Class Action under Fed. R. Civ. P. 23(b) for the appropriate counts and appoint Plaintiffs as the representatives of the Class and the undersigned attorneys as Class Counsel;

3. Grant judgment against Defendant and in favor of each Plaintiff in the amount of each Plaintiff's respective unpaid wages plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

4. Grant judgment against Defendant and in favor of each Plaintiff in the amount of each Plaintiff's respective unpaid wages and benefits, double or triple

unpaid wages and benefits in liquidated damages; and reasonable attorneys' fees and costs, pursuant to the Maryland Wage Laws;

5. Award Plaintiffs liquidated and compensatory damages to the fullest extent permitted under the law;

6. Award Plaintiffs litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law;

7. Award Plaintiffs prejudgment interest at the legal rate from the date of violations until judgment, and post judgment interest at the legal rate thereafter;

8. Order the Defendant to cease and desist from violating the FLSA and Maryland Wage Laws;

9. Permanently enjoin Defendant to pay overtime and non-overtime compensation at least at the rates required by the FLSA and MWHL;

10. Award such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

Dated: April 10, 2023,                           Respectfully submitted,

/s/ *Mark Hanna*
Mark Hanna, Bar No. 16031
*mhanna@murphypllc.com*
Joni S. Jacobs, Bar No. 17899
*jjacobs@murphypllc.com*
Murphy Anderson PLLC
1401 K St. NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
Fax: (202) 296-9600

*Counsel for Plaintiffs*